UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUKE HOGAN, on behalf of himself and other individuals similarly situated, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-02899-X |
| SOUTHERN METHODIST UNIVERSITY, | § § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Luke Hogan brought this class-action suit against defendant Southern Methodist University ("SMU"), claiming breach of contract, conversion, and unjust enrichment related to SMU's response to COVID-19. When SMU removed to federal court, Hogan moved to remand. [Doc. No. 8]. While this case concerns only Texas state law and possesses many Texas ties, it also involves a nationwide pandemic and is similar to hundreds of other cases filed in federal court. Accordingly, the Court **DENIES** the motion to remand.

### I. Facts

Not to state the obvious, but the COVID-19 pandemic (and society's reaction to it) led to major changes in everyday living. As a pertinent example, on or about March 12, 2020, SMU canceled all in-person education and transitioned to online-only classes. In August 2020, Hogan sued SMU, bringing a class action based on claims that SMU failed to provide "in-person educational services, experiences,

1

opportunities, and other related services" in exchange for his tuition and fees, violating a contract with him.[1]

SMU removed this case from state district court to this Court based on diversity jurisdiction in September 2020. Five days later, SMU moved to dismiss. In October 2020, Hogan moved to remand and to extend time to file his response to the motion to dismiss until after the Court decided the motion to remand. The Court granted this extension, and held a hearing on the matter in November 2020. Now, the Court turns to the motion to remand.

## II.    Legal Standard

The Class Action Fairness Act of 2005 ("the Act") allows the Court to remand cases to state court with (1) a class of over one hundred members, (2) an amount in controversy exceeding $5,000,000, (3) primary defendants other than states, state officials, or other governmental entities, and (4) diversity of citizenship between at least one plaintiff and one defendant.[2]

The parties do not debate that this matter satisfies all elements of the Act. But even so, the Act allows courts to exercise their discretion to remand in the interest of justice if between one- and two-thirds of class plaintiffs are citizens of the state where the action was filed.[3] The Fifth Circuit has instructed courts to apply the exception based on six statutory factors: (1) whether the claim involves matters of national or

---

[1] Doc. No. 3 Exhibit 2 at 2.

[2] 28 U.S.C. § 1332(d)(2), (d)(5).

[3] 28 U.S.C. § 1332(d)(3). The parties do not dispute that between one- and two-thirds of the class members in this case are from Texas.

interstate interest; (2) whether the claims asserted will be governed by the laws of the state in which the action was originally filed; (3) whether the pleadings are made in a matter that seeks to avoid federal jurisdiction; (4) whether the action was originally brought in a forum with a distinct nexus with the class members, the harm, or the defendants; (5) whether the number of citizens of the state where the action was originally brought is substantially larger than the citizens of any other state in the class; and (6) whether other class actions asserting the same or similar claims have been filed in the three years prior to this one.[4] The Court must evaluate the totality of the circumstances when applying these factors.[5]

## III. Analysis

To determine whether it should exercise discretion to remand, the Court will analyze each relevant factor in turn.

First of all, Hogan argues that this case "involves matters of local, rather than national or interstate interest" because he (a Texas citizen) contracted with SMU (a Texas citizen) to receive in-person education in Texas, and SMU decided to violate that contract by moving to online-only education.[6] SMU responds that the COVID-19 pandemic, a matter of national interest, underlay its decision to move to online-only education—the alleged breach of contract at the center of Hogan's claim.[7] The Court agrees with the defendants. As the Fifth Circuit noted, the COVID-19

---

[4] *See* 28 U.S.C. § 1332(d)(3); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 811 (5th Cir. 2007).

[5] *Preston*, 485 F.3d at 811.

[6] Doc. No. 8 at 7.

[7] Doc. No. 13 at 9–12.

pandemic created "risks of harm to all Americans," not just Texans.[8] SMU chose to comply with federal recommendations and guidelines on COVID-19 by moving to an online educational model.[9] Because COVID-19 served as the impetus for that decision, this case foundationally involves matters of national interest, and the first factor does not weigh in favor of remand.

The second factor asks "whether the claims asserted will be governed by the laws of the State in which the action was originally filed . . . ."[10] Because Hogan only makes Texas state-law claims in this suit, this factor weighs in favor of remand.[11]

Factor number three asks whether the plaintiff pled his claims in order to avoid federal jurisdiction. Hogan argues that he originally filed this class-action suit "in the most logical forum" of Texas state court due to the suit's multiple connections to Texas.[12] SMU responds that Hogan's counsel filed other COVID-19 class actions under federal law in other states.[13] And SMU also argues that because Hogan's claims "are really First Amendment educational malpractice claims," Hogan's state-court filing under Texas breach-of-contract law amounts to artful pleading.[14] Firstly, Hogan's counsel's decision to file other COVID-19 class actions in federal court does

---

[8] *Marlowe v. LeBlanc*, 810 F. App'x 302, 307 (5th Cir. 2020); *see also In re Abbott*, 954 F.3d 772, 779 (5th Cir. 2020) (stating that "our nation faces a public health emergency caused by the exponential spread of COVID-19 . . . .").

[9] Doc. No. 13 at 10–11.

[10] 28 U.S.C. § 1332(d)(3)(B).

[11] *See Preston*, 485 F.3d at 811–12.

[12] Doc. No. 8 at 8 (quotations omitted).

[13] Doc. No. 13 at 15–16.

[14] *Id*. at 15. SMU further presses this argument in its Motion to Dismiss.

not matter for the purposes of this factor. The statutory test involves case-specific determinations that come out differently based on, for instance, the composition of a given putative class or the citizenship of the lead plaintiff. The closer question, in the Court's mind, concerns the true nature of Hogan's claims. Hogan's state-court complaint contains claims "for Breach of Contract . . . Conversion . . . [and] unjust enrichment."[15] The Court is not fully convinced that SMU knows Hogan's claims better than he does. However, because the Court has not yet reached the merits of this case and ruled on SMU's motion to dismiss (in which SMU further presses its educational malpractice point), the Court considers this factor inconclusive.

The fourth factor asks whether the case's original forum has a "distinct nexus with the class members, the alleged harm, or the defendants."[16] Hogan argues that the case's many Texas connections suffice as this nexus, while SMU points out that COVID-19 (a worldwide pandemic without a distinct link to Texas) led them to shift to online-only learning. It is a close call, but the Court agrees with Hogan. The Fifth Circuit found in *Preston* that because the plaintiff alleged that Louisiana defendants committed acts governed by state law in Louisiana that injured Louisianans, a "distinct nexus" existed "between the forum of Louisiana, the Defendants, and the proposed class."[17] This case presents a nearly identical situation. Therefore, this factor weighs in favor of remand.

---

[15] Doc. No. 3 Exhibit 2 at 8–10.

[16] 28 U.S.C. § 1332(d)(3)(D).

[17] *Preston*, 485 F.3d at 812.

Fifth, the Court must examine whether the number of citizens of the state where the suit was originally filed is "substantially larger than the number of citizens from any other state, and the citizenship of the other members of the proposed class is dispersed among a substantial number of states."[18] "Under [the Act], the moving party on the remand motion . . . bears the burden to establish the domicile of at least one-third of the class members at the time of filing the lawsuit."[19] To establish this, Hogan points to an SMU employee's declaration, which states that when the suit was filed "51.8% of undergraduate students . . . self-reported a permanent address outside the state of Texas."[20] Because "[e]vidence of a person's place of residence is prima facie proof of his domicile,"[21] Hogan argues that the portion of class members from Texas is "substantially larger" than the portion from any other state. SMU retorts that the number of Texas citizens in the class "is roughly equal to the number of citizens from any other state."[22] This apparently introduces a question of first impression in this circuit: in section 1332(d)(3), does the phrase "from any other state" mean "from any other *single* state," or "from all other states combined"? Because the word "state" is singular, rather than plural, the Court holds that Hogan must demonstrate that the number of Texans in his class is substantially larger than the number of citizens of any other *individual* state.[23] But Hogan does not meet this

---

[18] *Id.* at 811.

[19] *Id.* at 812.

[20] Doc. No. 3 Exhibit 8 at 3.

[21] Doc. No. 8 at 6; *see also Preston*, 485 F.3d at 818.

[22] Doc. No. 13 at 12.

[23] The Fifth Circuit's analysis in *Preston* heavily implies that this is the most reasonable way to read 28 U.S.C. § 1332(d)(3)(E). *See Preston*, 485 F.3d at 823 (holding that the plaintiff demonstrated

burden.  He provides no data establishing where non-Texans in his class specifically live.  Instead, he simply demonstrates that the majority of his class does not live in Texas.[24]  Therefore, this factor does not weigh in favor of remand.

Finally, factor six considers whether other class actions "asserting the same or similar claims on behalf of the same or other persons have been filed" in federal court in the past three years.[25]  Hogan claims he is "not aware of similar class actions within the past three years."[26]  Hogan's counsel is perhaps unaware that they themselves are currently litigating about thirty-four other COVID-19 class actions throughout the nation.[27]  Hogan's counsel filed most of these cases in federal court. The Court therefore holds that this factor rather conclusively does not weigh in favor of remand.

In summary, the Court finds that the statutory factors do not suggest that remand is appropriate.  While this case concerns only Texas state law and possesses many Texas ties, it also involves a nationwide pandemic that SMU claims directly led to their decision to move to online education.  As the Supreme Court pointed out, Congress passed the Act to allow federal courts to exercise jurisdiction more easily

---

an "overwhelming number" of class members were from Louisiana and that other class members "are dispersed throughout the nation as opposed to one other state").

[24] Hogan also provides no evidence that his class is "dispersed among a substantial number of states."  He cites only to SMU's website, which states that SMU's students come from all fifty states and DC.  *See* Doc. No. 8 at 10.  This citation does not adequately inform the Court about how many students come from each specific state.

[25] 28 U.S.C. § 1332(d)(3)(F).

[26] Doc. No. 8 at 10.

[27] Doc. No. 14 at 18–20.  Hogan does not dispute that any of the listed cases are pending COVID-19 class actions.

over "cases of national importance . . . ."[28] This case fits that description, as the hundreds of other cases like it filed in federal court further testify.[29]

Therefore, the Court **DENIES** Hogan's motion to remand. Rather than moving next to consideration of the motion to dismiss, the Court will allow Hogan to file an amended complaint that complies with federal pleading standards and contains further briefing on the question of educational malpractice, as he requested at the hearing.[30]

**IT IS SO ORDERED** this 22nd day of June, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[28] *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting the Act).

[29] *See* Doc. No. 14 (listing COVID-19 class actions).

[30] *See* Doc. No. 19 at 61–62.